

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. WR-87,830-01, -02 & -03

## EX PARTE KENDREA SHANTELL TAYLOR, Applicant

## ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
## CAUSE NOS. 064597-A, 063949-A, AND 064596-A
## IN THE 15TH DISTRICT COURT
## FROM GRAYSON COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with intent to deliver 200 grams or more but less than 400 grams of methamphetamine, possession of less than one gram of psilocybin, and two offenses of possession with intent to deliver 4 grams or more but less than 200 grams of methamphetamine. She was sentenced to imprisonment.

Applicant contends that her counsel rendered ineffective assistance because counsel failed to timely file a notice of appeals. The trial court recommends granting late appeals. It finds,

"Because the record is silent as to why notice of appeal was not timely filed, the record reflects that trial counsel was ineffective." *Id.* However, the record does not reflect whether counsel has been given an opportunity to respond to the claim of ineffective assistance for failing to timely file notices of appeal.

Applicant has alleged facts that, if true, might entitle her to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant was denied her right to a meaningful appeal because Applicant's counsel failed to timely file a notice of appeal. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must

be requested by the trial court and shall be obtained from this Court.

Filed: January 24, 2018
Do not publish